**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSE ARMANDO SALAZAR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.:_____** |
| | § | |
| **TAXMASTERS, INC. and** | § | **JURY DEMANDED** |
| **PATRICK P. COX,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jose Armando Salazar brings this action to recover unpaid overtime wages from defendants TaxMasters, Inc. and Patrick P. Cox.

**A. Jurisdiction and Venue**

1.     This court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331.  Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201, *et seq*., as amended.

2.     Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district.

**B. Parties**

3.     Plaintiff, Jose Armando Salazar, is an individual residing in Montgomery County, Texas.

4.     Defendant, TaxMasters, Inc., is a foreign for-profit corporation incorporated in Nevada.  TaxMasters, Inc. may be served with summons by serving its registered agent, Incorp Services, Inc., 815 Brazos, Suite 500, Austin, Texas 78701.

5.     Defendant, Patrick R. Cox, is an individual residing in Harris County, Texas

and may be served with summons at his residence, 247 Hedwig Road, Houston, Texas 77024, or at his place of business, 900 Town & Country Lane, Suite 400, Houston, Texas 77024.

## C. Facts

6.     Salazar was employed by TaxMasters, Inc. as a non-exempt sales consultant from October 27, 2008 until September 17, 2010.  During this time period, Salazar regularly worked over 40 hours per week, yet TaxMasters, Inc. did not pay Salazar one-half times his regular rate for every hour he worked over 40 hours per week.

7.     Cox is, upon information and belief, the president and chief executive officer of TaxMasters, Inc.  Cox acted directly or indirectly on behalf of TaxMasters, Inc. in relation to Salazar's employment.   Cox was therefore an "employer" of Salazar as the term "employer" is used in the FLSA.

## D. Violations of the FLSA

8.     Defendants TaxMasters and Cox had a statutory obligation to pay Salazar at the rate of one and one-half times his regular rate of pay for all hours he worked in excess of forty hours per week.  Salazar worked for defendants in excess of forty hours per week during his employment with them.  Defendants never paid Salazar for overtime at the rate of one and one-half his regular rate of pay for his overtime hours.

9.     At all relevant times, Salazar performed primarily non-exempt employment duties to the extent necessary to be classified as a non-exempt employee under the FLSA.

10.     Defendants' violations of the FLSA were willful.  They knew or showed reckless disregard for whether their conduct was illegal.  There is no reasonable basis for

defendants to believe that Salazar was exempt under the FLSA or that their practices were permitted under the FLSA.  Defendants did not act in good faith in failing to pay Salazar in accordance with the requirements of the FLSA.  Accordingly, Salazar seeks and is entitled to a recovery of liquidated damages in connection with his claims under the FLSA.

## E. Attorney Fees

11.    Defendants' refusal to abide by their statutory obligations to Salazar has made it necessary for Salazar to employ the undersigned attorney to file this lawsuit. Therefore, Salazar requests the court to award a reasonable fee, pursuant to the FLSA, for his attorney's services rendered and to be rendered herein, at the trial court, the court of appeals, and the Supreme Court, if necessary, as well as expenses and court costs.

## F. Jury Demand

12.    Salazar demands a jury on all issues to be tried in this matter.

## G. Prayer

WHEREFORE, plaintiff prays that defendants be summoned to appear and that on final trial of this matter, plaintiff be granted relief as follows:

a.    Judgment declaring that the acts and practices of defendants described herein violate the FLSA, as amended;

b.    Judgment declaring that the acts and practices of defendants described herein constitute a willful violation of the FLSA, as amended;

c.    Judgment directing defendants to pay plaintiff actual and liquidated damages for violations of the FLSA, as amended;

d.    Reasonable attorney fees and costs of suit;

e.    Prejudgment and post-judgment interest as allowed by law; and

f.    Such other and further relief, in law and in equity, to which plaintiff may be

3

justly entitled.

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.


By: _____/S_____
ALBERT T. VAN HUFF
Texas Bar No. 24028183
Southern District No. 26968
1225 North Loop West, Suite 640
Houston, Texas  77008
Tel. (713) 880-2992
Fax (713) 880-5297

ATTORNEY-IN-CHARGE
FOR PLAINTIFF

Of-Counsel:

RICHARD J. (REX) BURCH
S.D. Texas No. 21615
BRUCKNER BURCH PLLC
rburch@brucknerburch.com
1415 Louisiana, Suite 2125
Houston, TX 77002
(713) 877-8788 (Phone)
(713) 877-8065 (Fax)

4